UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL A. PRICE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15CV89 SNLJ |
| | ) | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on cross-motions for summary judgment. Central to both motions is the issue of whether plaintiff is the beneficiary of a supplemental life coverage benefit purchased by his fiancé through her employer. The motions have been fully briefed and are ripe for disposition. For the following reasons, the Court will grant plaintiff's motion and deny defendant's motion.

**I.   Background**

Although the parties disagree on the issue of whether plaintiff is the beneficiary of the supplemental life coverage, there is no dispute that there is not a document designating him as the beneficiary. As a result, plaintiff seeks equitable relief. Specifically, he requests that this Court use its equitable powers, both inherent and as specifically authorized by ERISA, to reform the contract between defendant and the decedent to designate plaintiff as the beneficiary of the supplemental life coverage entitling him to the benefits. Plaintiff argues that the decedent in fact designated plaintiff

as her beneficiary on the supplemental life coverage, but it was lost, or she intended to designate him but somehow did not. Plaintiff claims the face amount of the supplemental life coverage of $173,000.00 plus pre-judgment interested pursuant to section 408.020 RSMo and his attorney's fees.

Defendant contends that decedent's failure to designate a beneficiary for the supplemental life coverage, together with her lack of surviving spouse, children, parents, or siblings, makes the supplemental death benefit payable to the decedent's estate, rather than plaintiff. Because there was no estate, and the statutory period relating to unclaimed property has passed, defendant requests that this Court declare that the death benefit be escheated to the State of Missouri in accordance with the state's abandoned property laws. In the alternative, if plaintiff is found to be the proper beneficiary, defendant seeks a declaratory judgment that the supplemental death benefit is claimed by a legitimate claimant and cannot be considered unclaimed funds under section 447.539 RSMo.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). "Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law." *Allen v. Missouri*, 4:11CV2224 JAR, 2013 WL 2156259, at *3 (E.D. Mo. May 17, 2013) (citing *Husinga v. Federal–Mogul Ignition Co.,* 519 F.Supp.2d 929, 942 (S.D. Iowa 2007)).

## III. Facts

The Court has reviewed the statements, the responses, and the supporting documentation, and, where appropriate, will accept facts as supported by appropriate admissible evidence. In accordance with Local Rule 4.01 (E), all matters set forth in the movants' statement of facts are deemed admitted unless specifically controverted by the opposing party. Unless otherwise indicated, the facts set forth below are undisputed and apply to both motions.

Plaintiff Michael A. Price was the long-time companion and fiancé of decedent Linda L. Wnuk. Plaintiff and decedent lived together for over ten years until the time of her death on August 30, 2009. At the time of her death, decedent was an employee of

3

United Parcel Service (UPS).  As a result of her employment with UPS, Wnuk was enrolled for basic and supplemental employee term life coverage under a Group Contract issued by defendant Prudential to UPS.  The Group Contract is part of a UPS Flexible Employee Benefits Program ("the plan") that is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  UPS is the plan sponsor and administrator, and defendant Prudential is the claims administrator under the plan.

Upon Wnuk's death, a death benefit under the basic term life coverage of the Group Contract became due in the amount of $43,488.00.  Additionally, a death benefit under the supplemental life coverage of the Group Contract also became due in the amount of $173,000.00.  Before her death, it is undisputed that Wnuk designated plaintiff as the sole beneficiary on the basic life coverage.  Defendant has paid to plaintiff the death benefit under the basic life coverage.  According to defendant, however, Wnuk did not designate plaintiff or any other person as a beneficiary on the supplemental life coverage.  The beneficiary rules governing payment of the supplement life coverage provide that benefits are payable to the designated beneficiary.  If there is no designated beneficiary, benefits are payable to the first of the following: "(a) surviving spouse; (b) surviving children in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate."  Wnuk had no known living heirs and did not leave a Will.  There are no other claimants to the death benefits.  As a result, defendant has not paid the death benefits under the supplemental life coverage.

According to plaintiff, Wnuk told him that she had made him the beneficiary of all of her employee benefits including life insurance.[1]  Decedent and plaintiff owned real estate and vehicles as joint tenants, held joint bank accounts, and in general held all of their assets jointly with rights of survivorship.  Plaintiff contends that Wnuk intended to and designated, or attempted to designate, plaintiff as the sole beneficiary on all life insurance policies provided through her employer UPS and issued by defendant.  In response to discovery requests by the parties, UPS has stated that it does not have any documents relating to the employee benefits including life insurance purchased by Wnuk during her employment.

On or about September 28, 2009, plaintiff submitted a preferential beneficiary of benefits under the supplemental employee term life coverage.  Plaintiff indicated on the preferential beneficiary affidavit that the highest surviving class was the decedent's estate, thereby representing that the decedent had no living spouse, children, parents, or siblings at the time of her death.  The decedent's obituary did not list any surviving relatives, and further research did not reveal any relative.  In light of the decedent's failure to designate a beneficiary for the benefits payable under the supplemental employee term life coverage and the insured's apparent lack of surviving spouse, children, parents or siblings, defendant determined that the supplemental death benefit is payable to the decedent's estate.  Defendant wrote to plaintiff several times seeking a

---

[1] Plaintiff also submitted the affidavit of Dorothee Mayes of Barnhart, Missouri, who was Linda Wnuk's best friend at her place of employment, UPS.  The affidavit states Dorothee's opinion that she is sure that Linda intended to benefit plaintiff with all other employee benefits. Defendant objects to the affidavit as inadmissible hearsay.  The Court does not find it necessary to consider Mayes's opinion on this issue.

5

copy of a court order appointing an administrator/executor of the decedent's estate, but no estate was ever opened.

Plaintiff challenges defendant's determination regarding the identity of the payee of the supplemental death benefit, alleging that he is a third-party beneficiary of the Group Contract and demanding that the supplemental death benefit be paid to him. On October 7, 2014, plaintiff's counsel sent a letter to defendant explaining that: (1) an estate could not now be opened in Missouri, because, under the probate code, a decedent's estate must be opened within one year of death under Missouri law; (2) the decedent had no lawful heirs; (3) the failure of the decedent to designate plaintiff as beneficiary of the supplemental coverage was due to mistake; and (4) plaintiff's Affidavit for Small Estate was rejected by the probate court.

IV.   **Discussion**

Plaintiff seeks reformation of the supplemental life coverage to designate him as the beneficiary. "An action for the reformation of a written contract is an equity action." *US Bank, N.A. v. Smith*, 470 S.W.3d 17, 25 (Mo.App.W.D. 2015) (citation omitted). "Where, as here, a contract is sought to be reformed on the ground of mutual mistake, such a mistake must appear by clear and convincing evidence." *Id.* (internal quotation marks and citation omitted). "[I]t is sufficient to show that the parties agreed to accomplish a particular object and that the instrument was insufficient to effectuate that intent." *Missouri Land Development I, LLC v. Raleigh Development, LLC*, 407 S.W. 3d 676, 687 (Mo.App.E.D. 2013) (citing *Lunceford v. Houghtlin*, 326 S.W.3d 53, 65 (Mo.App.W.D. 2010). "Even circumstantial evidence can establish such agreement,

6

provided that natural and reasonable inferences drawn from such evidence clearly and decidedly prove the alleged mistake." *Id.*(citing *Lunceford*, 326 S.W.3d at 67-68).

Plaintiff argues that the evidence supports reformation because the missing beneficiary designation for the supplemental life coverage was a mutual mistake that this Court can remedy in equity. This Court agrees and finds that there was a mutual mistake justifying reformation of the supplemental life coverage. Further, the Court finds that under the unusual facts of this case, it is undeniable that the equities of this case favor plaintiff and reformation.

Decedent made a mistake because she intended to designate plaintiff as the beneficiary of the supplemental life coverage but did not do so properly. She designated him as the beneficiary on the basic life coverage and may have believed that designation covered both the basic and supplemental life coverage. It is also possible that she made the designation but due to an error, the designation was not processed or was lost. The evidence clearly shows that she arranged for plaintiff to receive all of her other property at her death and supports the conclusion that she intended to designate plaintiff as the beneficiary on the supplemental life coverage. Under these circumstances, she could not have intended for the proceeds to escheat to the state. Indeed, that was not an option available to her on the form for designating a beneficiary and was not in the policy's default provisions.

Defendant made a mistake by issuing the policy assuming that there was a designation of a beneficiary, either by the decedent, or under the default provisions of the policy, when in fact there was no designation. In that regard, the policy would be

7

meaningless, serve no purpose, and someone, either the decedent or her employee, was paying premiums for a policy that was insufficient because there was no beneficiary. It is indisputable that the decedent purchased, and the defendant issued, a life insurance policy with the belief that there was a beneficiary. In other words, the parties to the life insurance policy agreed to accomplish a particular object – the issuance of a policy for which there was a beneficiary. However, under these facts, the policy was insufficient to effectuate that intent. It is illogical and inconceivable that a life insurance policy would be purchased, issued, and premiums paid where there was not a beneficiary. The supplemental death benefit did not meet the expectations of decedent and defendant that there was a valid supplemental life coverage with a beneficiary and, therefore, there was a mutual mistake. Based on the unusual facts of this matter, this Court will exercise its equitable powers to reform the contract to designate plaintiff as the beneficiary of the supplemental life coverage entitling him to the benefits.

As a final matter, plaintiff has requested pre-judgment interest. Under the circumstances, this Court does not believe pre-judgment interest is appropriate. Here, the death benefit was not due and payable until this Court determined that the supplemental life coverage should be reformed making plaintiff the beneficiary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (ECF #42) is **GRANTED** with the exception that the request for pre-judgment interest is denied.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (ECF #47) is **DENIED.**

**IT IS FINALLY ORDERED** that judgment is entered in favor of plaintiff. A separate Judgment will accompany this Memorandum and Order.

Dated this 27th day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE